IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY R. BROD and MARCIA A. BROD | : | CIVIL ACTION |
| v. | : | |
| QUEST DIAGNOSTICS, INC., and QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC. | : | NO. 07-cv-3258 |

## MEMORANDUM RE: PLAINTIFF'S MOTION TO REMAND

**Baylson, J.**                                                                                          **October 18, 2007**

This case is presently before the Court on a Motion to Remand. In July 2007, Plaintiffs, Gary Brod and Marcia A. Brod ("Plaintiffs," "Brods"), filed a Complaint in the Philadelphia County Court of Common Pleas. In their Complaint, Plaintiffs named as Defendants Quest Diagnostics, Inc. and Quest Diagnostic Clinical Laboratories, Inc. ("Defendants").

In August 2007, Defendants filed to remove this matter to federal court pursuant to 28 U.S.C. §§ 1441, 1446. Defendants' basis for removal is diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). In their Notice of Removal, Defendants state that Plaintiffs are residents of Pennsylvania, and that both Quest Diagnostics and Quest Diagnostic Clinical Laboratories are each citizens of the states of Delaware and New Jersey, as each is a Delaware corporation with a principal place of business in the State of New Jersey.[1]

---

[1] Defendants later supplemented this contention with the Affidavit of Patricia G. Nichols, a paralegal at Quest Diagnostics, Inc.'s facility in New Jersey. In the Affidavit, Nichols states that Quest Diagnostics is incorporated in the state of Delaware and has its principal place of business in the state of New Jersey.

In response, Plaintiffs have filed the instant Motion to Remand, arguing that removal is not proper because the parties lack complete diversity. Plaintiffs contend that they are Pennsylvania residents, Quest Diagnostics, Inc. is a Pennsylvania resident, and Quest Clinical Laboratories, Inc. is a New Jersey resident.

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, and where the action is between citizens of different states. Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business." The amount in controversy in the present case is not currently in dispute.

Plaintiffs do not deny that Defendant corporations are incorporated in Delaware and have principal places of business in New Jersey. To support their argument for lack of complete diversity, Plaintiffs state in their Motion to Remand that the alleged malpractice took place in the Philadelphia office of Quest Diagnostics and that Defendant Quest Diagnostic was served with the Complaint at its Philadelphia office, located at 4109 City Line Avenue, Philadelphia, PA 19113 in Philadelphia County. The only other argument Plaintiffs make concerning the residency of Defendant Quest Diagnostics is that Plaintiffs themselves listed Defendant as a Pennsylvania resident in Plaintiffs' Complaint. Each of these contentions will be discussed in turn.

First, the existence of complete diversity between parties under 28 U.S.C. § 1332 is determined by the citizenship of the parties; Section 1332 makes no mention of where an alleged

act or omission took place.  Thus, the fact that the alleged malpractice took place in Philadelphia has no bearing on the existence or lack of complete diversity between the parties.

Second, Plaintiffs seem to rely on the fact that Quest Diagnostic, Inc. was served at its Philadelphia office.  In support of this argument, Plaintiffs attached the Affidavit of Service as Exhibit A to their Motion to Remand.  Quest Diagnostics neither admits nor denies that it was effectively served at its Philadelphia location.  Even if this Court were to assume that service did take place at the Philadelphia Office of Quest Diagnostics, this service does not necessarily demonstrate that the corporation is a citizen of Pennsylvania.  The Rules of Procedure in Pennsylvania allow service to be made on a corporate defendant by the delivery of service to the "manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation."  Pa. R. Civ. P. 424(2).  Simply because a corporation has a regular place of business does not necessarily mean that the regular place is the corporation's principal place of business.  Caciolo v. American Aluminum & Insulation Co., 2004 WL 1102811, *3, n. 3 (E.D.Pa. 2004).  The fact that a corporation is served at a regular place of business in one state does not disturb the fact that the corporation is incorporated and has its principal place of business in other states.

Third, the contention that Quest Diagnostics, Inc. is a Pennsylvania resident does not affect the existence of complete diversity between the parties.  Diversity of citizenship, not diversity in residences, must be shown to invoke diversity jurisdiction.  Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972) (stating that "mere residency in a state is insufficient for purposes of diversity").  Thus, the fact that Quest Diagnostics, Inc may be a Philadelphia resident does not affect the corporation's status as a citizen of Delaware and New Jersey.

Finally, the fact that Plaintiffs themselves listed the Philadelphia office as Defendant Quest Diagnostics's address on their Complaint does not affect the citizenship of Defendant corporation.

In line with this holding, an appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY R. BROD and MARCIA A. BROD | : | CIVIL ACTION |
| v. | : | |
| QUEST DIAGNOSTICS, INC., and QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC. | : | NO. 07-cv-3258 |

**ORDER**

AND NOW, this 18th day of October, 2007, for the reasons stated in the foregoing Memorandum, it is hereby ORDERED that the Plaintiffs' Motion to Remand (Doc. No. 10) is DENIED.

BY THE COURT:

/s/ Michael M. Baylson

Michael M. Baylson, U.S.D.J.

O:\CIVIL 07\07-cv-3258 Brod v. Quest Diagnostics Inc\07-cv-3258 Brod Motion to Remand.wpd